FILED
2012 May-31 PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| AHMAD RAHIMINEJAD | ) |

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above numbered and captioned matter and (ii) pay restitution in the amount of $446,693.00. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**. The Government also agrees not to initiate any further prosecution concerning the structuring of currency transactions involving the defendant, or any further criminal tax proceedings against the defendant based on conduct of which the Government is currently aware. Further, the defendant understands that this plea

agreement is subject to approval from the Department of Justice - Tax Division, and that it will not bind either party until after final approval by a Tax Division representative, in writing.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of filing a false tax return, in violation of Title 26, United States Code, Section 7206(1), as charged in COUNT ONE, is:

a. Imprisonment for not more than 3 years;

b. A fine of not more than $250,000.00, or,

c. Both (a and b);

d. Supervised release of not more than 1 year; and

e. Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

Between tax years ending December 31, 2006, and December 31, 2009, the defendant AHMAD RAHIMINEJAD owned and operated several businesses located in the Northern District of Alabama, including Mike's Crossroads, The Gold Club and

Mike's Citgo 1. During this same time period, defendant AHMAD RAHIMINEJAD, filed federal income tax returns for tax years 2006, 2007, 2008 and 2009, and disclosed the aforementioned businesses on his tax returns.

Defendant AHMAD RAHIMINEJAD signed his 2006, 2007, 2008 and 2009 federal income tax returns under penalty of perjury, attesting that the information contained in the returns was true and correct. At the time defendant AHMAD RAHIMINEJAD signed his tax returns, he knew his gross receipts and business income were greatly understated. Defendant AHMAD RAHIMINEJAD willfully and intentionally failed to report additional income on his Forms 1040 for tax years 2006, 2007, 2008 and 2009. Specifically, defendant AHMAD RAHIMINEJAD's 2006, 2007, 2008 and 2009, federal tax returns each contained a false material item with respect to the "Gross Receipts or Sales" line (Schedule C, line 1) as shown on tax returns that include business income earned by a sole proprietor. The following table shows the gross receipts per the returns; the additional taxable income that should have been included on the return and the additional tax now due and owing.

| Year | Gross Receipts Per Return | Additional Taxable Income | Additional Tax Due |
| --- | --- | --- | --- |
| 2006 | $629,700.00 | $514,832.00 | $180,072.00 |
| 2007 | $223,730.00 | $468,910.00 | $162,542.00 |
| 2008 | $145,972.00 | $229,294.00 | $71,314.00 |

Defendant's Initials *A·R*

| 2009 | $127,575.00 | $147,479.00 | $32,765.00 |
|---|---|---|---|
| | | Total | $446,693.00 |

As a result of defendant AHMAD RAHIMINEJAD's failure to properly report his gross receipts on his federal tax returns for tax years 2006, 2007, 2008 and 2009, defendant AHMAD RAHIMINEJAD owes an additional $446,693.00 in federal income tax due.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
AHMAD RAHIMINEJAD

### III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the Government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of

Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be ordered to pay restitution to the Department of Treasury in the amount of $446,693.00. If any other restitution becomes known to the Government before the date of sentencing, the Government reserves the right to request additional restitution; and

(f) That the defendant pay a special assessment fee of $100.00, said amount due and owing as of the date sentence is pronounced.

Defendant's Initials *A·R*

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, AHMAD RAHIMINEJAD, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the

defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, AHMAD RAHIMINEJAD, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Ahmad Rahminejad*
AHMAD RAHIMINEJAD

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's

duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States**

**Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The

defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Additionally:

1. The defendant agrees that he received gross income from the above-described crimes totaling at least $1,144,532.00, $692,640.00, $375,266.00 and $275,054.00, during the years 2006, 2007, 2008 and 2009, respectively. The defendant also agrees that he willfully and intentionally failed to report that income on his Forms 1040, U.S. Individual Income Tax Returns, for the years 2006, 2007, 2008 and 2009, respectively. The defendant further agrees that, due to his fraudulent omission of that income, there was a fraudulent understatement of his tax in the amounts of $180,072.00, $162,542.00, $71,314.00 and $32,765.00 for the tax years

2006, 2007, 2008 and 2009, respectively. The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $446,693.00 under 18 U.S.C. § 3663(a)(3), on a schedule to be set by the Court.

2. The defendant agrees that the total amount of restitution reflected in this agreement (both in the paragraph above, and in preceding parts of this plea agreement) results from the defendant's illegal conduct and his conduct in evading taxes, as described above.

3. The defendant agrees that he will sign any IRS forms or documents deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

4. The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

5. The defendant agrees that he is liable for the fraud penalty under 26 U.S.C. §§ 6663 or 6651(f) concerning the $446,693.00 tax loss that he caused to the Government as a result of false material statements made on tax returns for the years 2006 through 2009. The defendant agrees to the immediate assessment of the fraud penalty on the $446,693.00 tax loss set for these years and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS form

Defendant's Initials _A.R_

he agreed to sign in paragraph 3 of this section above will include the appropriate amount of the fraud penalty. The defendant agrees not to challenge or dispute any fraud penalties concerning the $446,693.00 tax loss.

6. The parties understand that defendant will receive proper credit for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

7. The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

8. The defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

9. The contact information for the Special Agent assigned to this case is as

follows:

Kenya Clark
Special Agent, IRS-CI
2204 Lakeshore Drive
Ste. 210
Homewood, Alabama 35209
(205) 912-5584

## **PROVISIONS REGARDING PAYMENT**

1. The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court at the following address:

United States District Court
Hugo L. Black U. S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

2. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the defendant will provide the following information:

    A. The defendant's name and Social Security Number;

    B. The District Court docket number assigned to this case;

    C. Tax year(s) or period(s) for which restitution has been ordered; and

Defendant's Initials A.R.

D.  A statement that the payment is being submitted pursuant to the District Court's restitution order.

Additionally, the defendant agrees to include a request that the Clerk of the Court send the information, along with defendants payments, to the appropriate office of the Internal Revenue Service.

3.  The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which

Defendant's Initials *A·R*

defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

XIII. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of 17 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO**

Defendant's Initials *A·R*

INDUCE ME TO PLEAD GUILTY.

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties only after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

3/20/2012
DATE

_AHMAD RAHIMINEJAD_
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

3/20/12
DATE

_____
WALTER BLOCKER, ESQ.
Defendant's Counsel

## XV. Government'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

3-22-12
DATE

_____
DAVIS BARLOW
Assistant United States Attorney

Defendant's Initials A.R.