# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:12-cr-235-AKK-HGD |
| ) | |
| AHMAD RAHIMINEJAD ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through United States Attorney Joyce White Vance and Assistant United States Attorney Davis Barlow, and submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for Defendant Ahmad Rahiminejad. For the reasons stated below, the Government recommends a low-end Guidelines sentence of 27 months.

## INTRODUCTION

Defendant pleaded guilty to one count of filing a false tax return in violation of Title 26, United States Code, Section 7206(1).

Between tax years ending December 31, 2006, and December 31, 2009, the Defendant operated several businesses located in the Northern District of Alabama, including Mike's Crossroads, The Gold Club and Mike's Citgo 1. (Doc. 3.) During this same time period, the Defendant filed federal income tax returns for tax years

1

2006, 2007, 2008 and 2009, and disclosed the aforementioned businesses on his tax returns. (Doc. 3.)

The Defendant signed his 2006, 2007, 2008 and 2009 federal income tax returns under penalty of perjury, attesting that the information contained in the returns was true and correct. (Doc. 3.) At the time the Defendant signed his tax returns, he knew his gross receipts and business income were greatly understated. (Doc. 3.) Defendant willfully and intentionally failed to report additional income on his Forms 1040 for tax years 2006, 2007, 2008 and 2009. (Doc. 3.) Specifically, the Defendant's 2006, 2007, 2008 and 2009, federal tax returns each contained a false material item with respect to the "Gross Receipts or Sales" line as reflected in his Schedule Cs that account for business income earned. (Doc. 3.) The following table shows the gross receipts per the returns; the additional taxable income that should have been included on the return and the additional tax now due and owing. (Doc. 3.)

| Year | Gross Receipts Per Return | Additional Taxable Income | Additional Tax Due |
|---|---|---|---|
| 2006 | $629,700.00 | $514,832.00 | $180,072.00 |
| 2007 | $223,730.00 | $468,910.00 | $162,542.00 |
| 2008 | $145,972.00 | $229,294.00 | $71,314.00 |
| 2009 | $127,575.00 | $147,479.00 | $32,765.00 |
| | | **Total** | **$446,693.00** |

As a result of the Defendant's failure to properly report his gross receipts on his federal tax returns for tax years 2006, 2007, 2008 and 2009, the Defendant owes an additional $446,693.00 in federal income tax due. (Doc. 3.)

In accordance with the written plea agreement, the Government must recommend a sentence at the low end of the Guidelines range determined by the Court at sentencing. As explained below, the Government believes the correct Guidelines range is 27-33 months. A sentence at the low end of that range would be appropriate in light of the sentencing factors set forth in Title 18, United States Code, Section 3553(a).

## ARGUMENT

**I.     The Correct Guidelines Range is 27-33 Months.**

Although the Guidelines are not mandatory, they remain "the starting point and the initial benchmark" in determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). "The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences" over many years in an effort to achieve the objectives of 18 U.S.C. § 3553(a). *Rita v. United States*, 551 U.S. 338, 349 (2007). Thus, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve" those statutory objectives. *Id.* at 350.

The presentence report calculates an offense level 17 and a criminal history category II, resulting in a Guidelines sentencing range of 27-33 months. Neither the Government nor Defendant filed objections to the PSR that would change the calculations and sentencing range. The correct Guidelines range is 27-33 months.

Defendant objected to Paragraph 3 on the ground that he did not own the businesses at issues, but did operate them. Regardless, the Defendant's objection is immaterial to the case at issue since the Defendant obtained his income from the operation of the businesses at issue and the businesses were accounted for on the tax returns at issue, including the business income as reflected in the Schedule Cs attached to the tax returns.

The Defendant also objected to Paragraph 19 arguing that he received a pardon for the offense. The Defendant concedes the offense was not expunged from his record. Whether the Defendant received a pardon does not change his criminal history category. The criminal history category would only have changed if the offense had been expunged. U.S.S.G. § 4A1.2(j).

## II. The Court Should Not Vary From the Guidelines Range.

Having correctly calculated the Guidelines range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the

4

purposes" of sentencing set forth in 18 U.S.C. § 3553(a).[1] The requirement is "not merely that a sentencing court . . . be stingy enough to avoid [a sentence] that is too long, but also that it be generous enough to avoid one that is too short." *United States v. Irey*, 612 F.3d 1160, 1167 (11th Cir. 2010) (en banc). As explained below, the Government believes a sentence of 27 months—within the applicable Guidelines range—would achieve the purposes of sentencing set forth in Section 3553(a).

The recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Defendant's conduct in this case was not a one time occurrence. Rather the Defendant engaged in conduct whereby he filed a false tax return on a yearly basis from 2006-2009, resulting in additional taxes owed of $446,693.00. Further, the Defendant's criminal history category was calculated as a

---

[1]Section 3553(a) requires the Court to consider the following factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Sentencing Guidelines; (5) any pertinent Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

category II due to the Defendant having been found guilty by a jury of distribution of a controlled substance in 1995. In other words, this is not the first brush with the law this Defendant has experienced.

The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Those considerations reflect "the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *Irey*, 612 F.3d at 1206. The Eleventh Circuit has explained that "[b]ecause the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of the crime varies directly with the harm it causes or threatens. It follows that the greater the harm the more serious the crime, and the longer the sentence should be." *Id.* As mentioned above, the Defendant filed false tax returns for consecutive tax years 2006-2009, resulting in $446,693.00 in unpaid taxes for the four year period. A sentence of 27 months would "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

A sentence of 27 months would "afford adequate deterrence to criminal conduct" and would "protect the public from further crimes of the defendant." 18

U.S.C. § 3553(a)(2)(B)-(C). "The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others." *Irey*, 612 F.3d at 1212. "[E]conomic and fraud-based crimes are . . . prime candidates for general deterrence. Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quotations omitted). The Defendant previously served a three year sentence for a prior conviction. Despite having previously served three years for a prior conviction, the Defendant has not yet been deterred from committing other crimes as evidenced by the current charge. Therefore a sentence of 27 months is warranted in an effort to further deter the Defendant from criminal conduct.

The recommended sentence is within the Guidelines range and therefore reflects the kinds of sentences and the sentencing range established by the Sentencing Commission in its Guidelines and policy statements. *See* 18 U.S.C. § 3553(a)(4)-(5). Although the Guidelines are advisory, "they are still to be given respectful consideration." *Irey*, 612 F.3d at 1217. "Even though not bound by the guidelines, a sentencing court may not give them so little consideration that it amounts to not giving any real weight to the Guidelines range in imposing the sentence." *Id.* (quotations omitted). The Defendant is not eligible for probation because his

applicable Guideline range is in Zone D. U.S.S.G. § 5B1.1, n.2. A sentence of 27 months will be a real sentence in light of *United States v. Crisp*, 454 F.3d 1285 (11th Cir. 2006), and will satisfy U.S.S.G. § 5B1.1.

A sentence of 27 months would "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Section 3553(a)(6) focuses on *unwarranted* disparities among *similarly-situated* federal defendants. At the outset, a correct calculation of the Guidelines range guards against unwarranted disparities among similarly-situated defendants. *See Gall*, 552 U.S. at 55 ("avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges"); *United States Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006) ("the Guidelines . . . are an indispensable tool in helping courts achieve Congress's mandate to consider 'the need to avoid unwarranted sentence disparities' among similarly situated defendants"). Thus, a sentencing within the Guidelines range likely satisfies Section 3553(a)(6).

The sentence also reflects "the need to provide restitution to any victim of the offense." 18 U.S.C. § 3553(a)(7). As part of his Plea Agreement, the Defendant has agreed to pay restitution to the Internal Revenue Service in the amount of $446,693.00.

8

## CONCLUSION

For the reasons stated above, the Government recommends a sentence of 27 months of imprisonment, a low-end Guidelines sentence. The Government also requests restitution in the amount of $446,693.00 payable to the Internal Revenue Service, as agreed to in the Plea Agreement.

Respectfully submitted this the 24th day of October 2012.

                                              JOYCE WHITE VANCE
                                              United States Attorney

                                              */s/ Davis A. Barlow*
                                              DAVIS A. BARLOW
                                              Assistant United States Attorney
                                              1801 Fourth Avenue North
                                              Birmingham, Alabama 35203
                                              (205) 244-2134

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 24th day of October 2012, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

                                          */s/ Davis A. Barlow*
                                          DAVIS A. BARLOW
                                          Assistant United States Attorney
                                          1801 Fourth Avenue North
                                          Birmingham, Alabama 35203
                                          (205) 244-2134